**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **United States of America,** | ) | **CASE NO. 1:09 CR 367** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Albert J. Flowers,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

### Introduction

This matter is before the Court upon defendant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to § 2255 (Doc. 14) and plaintiff's Motion to Dismiss (Doc. 16). For the following reasons, defendant's motion is DENIED and plaintiff's motion is GRANTED.

### Facts

On November 10, 2010, defendant entered a plea of guilty to the indictment charging him with being a felon in possession of a firearm. On February 2, 2010, defendant was sentenced to 70 months imprisonment. The Judgment was issued February 4, 2010. Defendant did not file a notice of appeal.

On May 16, 2011, defendant filed his Motion to Vacate, Set Aside, or Correct Sentence Pursuant to § 2255. Plaintiff has moved to dismiss the motion as untimely.

**Discussion**

Generally, a prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail on a § 2255 motion "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir.2005) (citations omitted).

Section 2255 motions are subject to a one-year statute of limitations. 28 U.S.C. § 2255(f). The limitation period generally runs from the date on which the judgment of conviction becomes final. *Id.* In the event a petitioner did not file a direct appeal, the statute of limitation commences when the time for filing a direct appeal has elapsed. *Sanchez–Castellano v. United States*, 358 F.3d 424 (6th Cir.2004).

Under Fed.R.App.P. 4(b)(1), defendant had 14 days from the entry of the Judgment issued on February 4, 2010, in which to file his notice of appeal. Since he did not pursue a direct appeal, his conviction became final on February 18, 2010.

Defendant had one year, or until February 18, 2011, within which to file his § 2255 motion. Defendant did not file his motion until May 16, 2011. As such, the motion is untimely.

In response, defendant contends that his "procedural default" should be excused to avoid a miscarriage of justice and because he is actually innocent. Defendant confuses procedural default with the statute of limitations. The latter requires the application of equitable tolling to save the claims, which defendant does not assert. While "actual innocence" is a basis to excuse an untimely petition, defendant does not meet this exception either. *See Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir.2009). Defendant maintains that he is actually innocent of his sentence because he was assessed a criminal history point where he was only fined and did not serve a prison term. Defendant fails to establish actual innocence on this basis. *See McCray v. Yasbinder*, 499 F.3d 568, 576–77 (6th Cir.2007) (noting that the actual innocence exception is an extraordinary remedy, and petitioners raising the issue must make the requisite showing of actual innocence).

### Conclusion

For the foregoing reasons, plaintiff's Motion to Dismiss is granted and defendant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to § 2255 is denied. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R.App.P. 22(b).

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 7/6/11